**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CAROL O. LUCAS, JR.,
<u>Plaintiff-Appellant,</u>

v.                                                                                   No. 97-1806

AVERY DENNISON CORPORATION,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-96-1445-3-19)

Submitted: February 27, 1998

Decided: March 27, 1998

Before WILKINSON, Chief Judge, ERVIN, Circuit Judge, and
HALL, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

S. Jahue Moore, KIRKLAND, WILSON, MOORE, ALLEN, TAY-
LOR & O'DAY, P.A., West Columbia, South Carolina, for Appellant.
Clarke W. DuBose, SINKLER & BOYD, P.A., Columbia, South Car-
olina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case arises out of a diversity action by Carol O. Lucas, Jr., against Avery Dennison Corporation ("Avery"), in which Lucas asserted claims of misappropriation of a trade secret and breach of contract.**1** The claims are based on Lucas's assertion that he contacted Avery with an idea for a time-saving product that Avery ultimately stole, developed, and marketed as the "Letter N' Label," a form of stationary with a removable address label. Lucas appeals from the district court's order granting summary judgment and the order awarding attorney's fees in the amount of $5197 in favor of Avery. We dismiss in part and affirm in part.

Lucas filed an untimely notice of appeal from the district court's order granting summary judgment. The order awarding summary judgment is the final judgment on the merits, and the subsequent order awarding attorney's fees did not affect the running of the period for filing a notice of appeal. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202-03 (1988). The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "`mandatory and jurisdictional.'" Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions have thirty days within which to file in the district court notices of appeal from judgments or final orders. See Fed. R. App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

_____

**1** The misappropriation of trade secrets claim was brought pursuant to the South Carolina Uniform Trade Secrets Act, ("SCUTSA"), S.C. Code Ann. §§ 39-8-1 through 39-8-9 (Law. Co-op. Supp. 1997) (repealed May 21, 1997).

2

The district court entered its order on April 25, 1997; Lucas's notice of appeal was filed on June 12, 1997, which is beyond the thirty-day appeal period. Lucas's failure to note a timely appeal or obtain an extension of the appeal period leaves this court without jurisdiction to consider the merits of Lucas's appeal from the district court's grant of summary judgment. We therefore dismiss the appeal as to that order. See Budinich, 486 U.S. at 203.

Lucas's notice of appeal was timely as to the order awarding attorney's fees in the amount of $5197 in favor of Avery. The district court found that Avery was entitled to attorney's fees under SCUTSA because Lucas pursued his claims in bad faith. See S.C. Code Ann. § 39-8-4 (Law. Co-op. Supp. 1997) (repealed May 21, 1997). Even though no reported South Carolina case had interpreted the meaning of bad faith under SCUTSA, the court applied the note that accompanies § 39-8-4 and inferred that the pursuit of a specious claim constituted bad faith. The district court found that Lucas should have known at the end of the discovery period that his claims were baseless.[2] Accordingly, because Lucas continued to pursue his claims even after it became clear that he had no cause of action, the court ordered him to pay attorney's fees that Avery incurred after the close of the discovery period.

This court reviews an award of attorney's fees for an abuse of discretion. See Plyler v. Evatt, 902 F.2d 273, 277-78 (4th Cir. 1990). As the district court properly found, Lucas failed to present even a scintilla of evidence to contradict the documentation presented by Avery that proved that Avery had begun development of the"Letter N' Label" before Lucas's first contact with the company or that Avery's evidence was not genuine. Further, in determining the amount of attorney's fees to award under South Carolina law, the district court properly considered the factors enumerated in Dedes v. Strickland, 414 S.E.2d 134, 137 (S.C. 1992). Accordingly, we find that the award

_____

[2] Avery produced documents during discovery that proved that an Avery employee conceived the idea for the "Letter N' Label" before Lucas's first contact with the company. The documents also established that Avery had begun developing the product and researching whether a patent for this type of product existed before Lucas revealed any meaningful information about his product idea.

3

of attorney's fees in the amount of $5197 was not an abuse of discretion.

We dismiss the appeal as to the district court's grant of summary judgment and affirm as to the court's award of attorney's fees in the amount of $5197.

AFFIRMED IN PART, DISMISSED IN PART

4